UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of 2770095 Ontario, Inc., Petitioner. | Case No. 21-mc-80301-SK<br><br>**ORDER GRANTING REQUEST FOR SUBPOENA**<br><br>Regarding Docket No. 1 |

Now before the Court is the application filed by 2770095 Ontario, Inc. ("Petitioner") to permit discovery for use in a foreign proceeding pursuant to 28 U.S.C. § 1782.

## BACKGROUND

In this Application, Petitioner seeks an order authorizing the issuance of a subpoena to Google LLC to gather evidence for a proceeding before the Ontario Superior Court of Justice in Ontario, Canada ("Ontario Action"). Petitioner is concerned that Maxwell Dean Morgan, a defendant in the Ontario Action, made changes to settings, accounts and licenses related to his use of Google's services in an attempt to destroy or conceal evidence. (Dkt. No. 1-1 (Declaration of Michael Jason Lee), ¶¶ 9-11.) Petitioner seeks the non-content data from Google related to Morgan's spoliation attempts. (*Id.*, ¶¶ 12-13.)

## ANALYSIS

**A.    Legal Standard.**

"A district court may grant an application pursuant to 28 U.S.C. § 1782 where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person." *In re Republic of Ecuador*, 2010 WL 3702427, at *2, (N.D. Cal., Sept. 15, 2010); s*ee also* 28

U.S.C. § 1782(a).

However, even if the above "requirements are met, a district court still retains the discretion to deny a request." *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004) ("As earlier emphasized, a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." (citation omitted)).

In exercising that discretion, the court considers several factors:

> (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.

*Intel*, 542 U.S. at 264-65; *see also In re Request for Assistance from Ministry of Legal Affairs of Trinidad & Tobago,* 848 F.2d 1151, 1156 (11th Cir.1988) (holding that the district court should deny the request if the district court "suspects that the request is a 'fishing expedition' or a vehicle for harassment"), *abrogated in other part by Intel,* 542 U.S. at 259.

**B.   Statutory Factors.**

Here, the Court finds that the statutory requirements have been satisfied. Petitioner represents that Google resides in this district. (Dkt. No. 1-1, ¶ 16.) Moreover, Petitioner is an interested person and seeks the discovery for use in the Ontario Action. (*Id*, ¶¶ 4, 9-13.)

**C.   Discretionary Factors.**

Additionally, the Court finds that the discretionary factors weigh in favor of granting the application for the subpoena. First, Google is not a participant in the Ontario Action, and, thus, Petitioner will not be able to obtain the requested evidence without the subpoena. *See Intel Corp.*, 542 U.S. at 264 (noting that "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent [Section] 1782(a) aid"). Second, there is nothing to suggest that the court in the Ontario Action would not be receptive to the judicial assistance Petitioner seeks. Third,

2

Petitioner's application does not appear to "conceal an attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States." *See Intel*, 542 U.S. at 264-65. Finally, the discovery sought does not appear unduly burdensome or intrusive. Notably, the Court provided Google an opportunity to oppose or otherwise respond to the request for the subpoena, and Google did not file any response. (Dkt. No. 3.)

## CONCLUSION

Accordingly, the Court GRANTS Petitioner's application. Petitioner is authorized to serve the subpoena on Google in the form attached to the application. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: January 20, 2022

_____
SALLIE KIM
United States Magistrate Judge

3